D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MIGUEL PAREDES,                                    10-CV-5498 (ARR)

      Petitioner,
 -against-                                    NOT FOR PRINT OR
            ELECTRONIC PUBLICATION
UNITED STATES OF AMERICA,
            MEMORANDUM & ORDER
      Respondent.
------------------------------------------------------------X
ROSS, United States District Judge:

  Pro se petitioner Miguel Paredes, who is currently incarcerated at the Federal Medical Center in Ayers, Massachusetts, filed the instant Petition for a Writ of Habeas Corpus, ostensibly pursuant to 28 U.S.C. § 2241 ("§ 2241"). His petition challenges the constitutionality of a conviction and sentence entered in this Court on October 12, 2007, a challenge properly brought as a writ of habeas corpus pursuant to 28 U.S.C. § 2255. However, petitioner previously waived his right to collateral review, thus this petition must be denied.

  Petitioner was arrested on May 2, 2006 and charged with multiple counts of mail and other fraud. Petitioner pled guilty to two counts on December 1, 2006 and was sentenced on September 27, 2007 to a term of 72 months imprisonment. See United States v. Paredes, et al., No. 06-CR-0354 (E.D.N.Y.), Dkt. No. 254. Petitioner entered his guilty plea pursuant to an agreement with the government in which he waived his right to appeal or collaterally attack his sentence if sentenced to a prison term of no more than 135 months. Nonetheless, petitioner subsequently filed multiple requests for relief from the judgment of conviction and sentence. On December 17, 2007, petitioner filed a letter in his criminal case seeking a reduction in his sentence. The Court advised defendant that the letter would be re-characterized as a motion for habeas corpus relief pursuant to 28 U.S.C. § 2255 and cautioned him about the limitation on

second or successive petitions. Thereafter, petitioner withdrew the letter on February 1, 2008. Id., Dkt. No. 275. On July 18, 2008, he filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence." The Court denied that habeas petition, finding that the petitioner's valid waiver of collateral attack upon his conviction and sentence barred the petition. Paredes v. United States, No. 08-CV-2972 (ARR) (E.D.N.Y. Nov. 4, 2008). On March 30, 2009, petitioner filed a submission that included a "Petition for Great Writ of Habeas Corpus." After affording petitioner an opportunity to show cause why the petition should not be dismissed as time-barred by the statute of limitations, the Court dismissed the petition as time-barred. Paredes v. United States, No. 09-CV-5149 (ARR), 2009 WL 4110303 (E.D.N.Y. Nov. 24, 2009).

On November 22, 2010, the Court received the instant petition, in which petitioner asserts that his conviction in December 1, 2006 was unconstitutional on the grounds that the criminal statute under which he was convicted is void. He seeks dismissal of the indictment and immediate release from imprisonment.

The instant application is barred by petitioner's waiver in the plea agreement of his right to collaterally attack the conviction. A defendant's knowing and voluntary waiver of his right to appeal or otherwise challenge his sentence is generally enforceable. See, e.g., Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002), cert. denied, 537 U.S. 1146 (2003). This Court previously found that petitioner had not established the ineffective assistance of counsel in negotiating his plea agreement. Paredes, No. 08-CV-2972. In the instant petition, petitioner offers no new grounds to challenge the voluntariness of his plea.

Accordingly, petitioner's habeas petition is denied. Because petitioner has not made a substantial showing of the denial of any constitutional right, a certificate of appealability is also

denied. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1017 (2d Cir. 1997), abrogated on other grounds, United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability); see also Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112-13 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
ALLYNE R. ROSS
United States District Judge

Dated: December 29, 2010
Brooklyn, New York