UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MIGUEL PAREDES

                Petitioner,

                -against-

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------------------------------X

OPINION & ORDER
10-CV-5498 (ARR)

ROSS, J.

On November 22, 2010, pro se petitioner, Miguel Paredes, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the constitutionality of his conviction and sentence entered by this court on October 12, 2007.[1] By Opinion & Order dated December 29, 2010, this court denied his petition, and denied a certificate of appealability. Paredes, 2010 WL 5476691, at *1-2. On January 14, 2011, petitioner filed a "Motion to Reconsider of the Courts December 29, 2010 Order." For the following reasons, petitioner's motion for reconsideration is denied.

I.    Discussion

Petitioner does not identify the basis of his current motion. This court recognizes, however, that "the submissions of a pro se litigant must be construed liberally and interpreted 'to

---

[1] This court noted that petitioner's challenge was more properly brought pursuant to 28 U.S.C. § 2255. Paredes v. United States, No. 10-CV-5498, 2010 WL 5476691, at *1 (E.D.N.Y. Dec. 29, 2010). Petitioner's previous petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 was denied on November 24, 2009. See Paredes v. United States, No. 09 CV 5149, 2009 WL 4110303 (E.D.N.Y. Nov. 24, 2009).

raise the strongest arguments that they suggest.'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir.2006) (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir.2006)) (emphasis in Triestman omitted). Thus, as petitioner's motion could conceivably seek relief pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, this court will analyze petitioner's claims in accordance with both. See Martino v. Berbary, No. 03-CV-0923S, 2005 WL 724133, at *1 n.1 (W.D.N.Y. Mar. 30, 2005) ("Reconsideration of habeas corpus petitions is appropriate under either Rule 59(e) or Rule 60(b).").

A. Rule 60(b)

Pursuant to Rule 60(b), a court may relieve a party from final judgment on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings . . . only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." Gonzalez v. Crosby, 545 U.S. 524, 529, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) (citing 28 U.S.C. § 2254 (Rule 11)). As the Supreme Court has recognized, there exists "friction between [Rule 60(b)] and the successive-petition prohibitions of AEDPA [the Anti-Terrorism and Effective Death Penalty Act] . . . ." Id. at 534-35. Accordingly, only those claims challenging "some defect in the integrity of the federal habeas proceedings," may be the proper subject of a Rule 60(b) motion in a habeas proceeding. Id. at

532; see also Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004) (holding that relief under Rule 60(b) is available in a habeas proceeding only when the motion attacks the integrity of the previous habeas proceeding). Conversely, "a Rule 60(b) motion *that attacks the underlying conviction* presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Court of Appeals] for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" Harris, 367 F.3d at 82 (emphasis in original) (quoting Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002)).

B. Rule 59(e)

Rule 59(e) of the Federal Rules of Civil Procedure governs motions to "alter or amend a judgment." Fed. R. Civ. P. 59(e). Courts have recognized three major grounds justifying reconsideration pursuant to Rule 59(e): "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citations and internal quotation marks omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Rafter v. Liddle, No. 07-2282-cv, 2008 WL 3842709, at *1 (2d Cir. Aug. 13, 2008) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995)).

C. Analysis

Petitioner claims that "the District Court was without Jurisdiction to accept Petitioner Paredes [sic] Plea and without Jurisdiction to issue an order imposing punishment and his conviction and sentence is void ab initio." (Petitioner's Motion at 4.) He contends that the Act of June 25, 1948, Pub.L. No. 80-772, 62 Stat. 683, which, inter alia, grants district courts criminal jurisdiction, see 18 U.S.C. § 3231 ("[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States"), was not validly enacted by Congress because a quorum was not present in the House of Representatives. Thus, petitioner argues, in the absence of a validly enacted Act granting jurisdiction over offenses against the United States to the district courts, there was no basis for this court to exercise subject matter jurisdiction over his plea and conviction, and his conviction must be vacated.

Petitioner's argument is not a novel one. Indeed, the Second Circuit recently noted that this "notion has evidently been circulating among inmates in federal correctional institutions, and has been presented in other pro se briefs." United States v. Farmer, 583 F.3d 131, 151 (2d Cir. 2009). Nevertheless, despite the apparent popularity of this argument, petitioner's claim has no merit. Insofar as petitioner seeks relief pursuant to Rule 60(b), his motion attacks his underlying conviction and must be denied as beyond the scope of Rule 60(b). Harris, 367 F.3d at 77. Insofar as petitioner seeks relief pursuant to Rule 59(e), he has not demonstrated a need to correct a clear error of law or prevent manifest injustice. See H'Shaka v. Bellnier, No. 9:07-cv-01116, 2010 WL 3169608, at *1 (N.D.N.Y. Aug. 11, 2010) (denying petitioner's motion for reconsideration after finding no error of law or manifest injustice). When faced with a similar challenge to the Act of June 25, 1948, the Second Circuit held that the enrolled-bill rule, which

precludes judicial scrutiny into a bill properly signed by the presiding officers of each house of Congress, bars any challenges to the validity of the Act of June 25, 1948 and 18 U.S.C. § 3231. Farmer, 583 F.3d at 151-52. See also United States v. Davis, 375 Fed. App'x 611, 612 (7th Cir. 2010) (holding that the "enrolled-bill rule . . . makes § 3231 'complete and unimpeachable'") (quoting Marshall Field & Co. v. Clark, 143 U.S. 649, 672, 12 S.Ct. 495, 36 L.Ed. 294 (1892)). Accordingly, petitioner's motion for reconsideration is denied.

II. Conclusion

For the foregoing reasons, petitioner's motion for reconsideration is denied. Because petitioner has not made a substantial showing of the denial of any constitutional right, a certificate of appealability is also denied. 28 U.S.C. § 2253. See also Lozada v. United States, 107 F.3d 1011, 1017 (2d Cir. 1997), abrogated on other grounds, United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability); see also Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112-13 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

SO ORDERED.   /Signed by Judge Ross/

Allyne R. Ross
United States District Judge

Dated: March 2, 2011
Brooklyn, New York

**Mail Copy to:**

Miguel Paredes
# 74192-053
FMC Devens
Federal Medical Center
P.O. Box 879
Ayer, MA 01432-0879